No. 5720.

C. DEAN *v.* S. W. BLOUNT ET AL.

1. TRANSFER OF LAND CERTIFICATE IN BLANK.—Right of holder of a land certificate upon which is indorsed a conveyance in blank, to fill the blank left for the vendee after the certificate was located, recognized.

2. MISRECITAL.—The recitation in the judgment that the purchase money with interest from an incorrect date amounts to a stated sum is immaterial, when it appears that the amount for which the judgment

was rendered, being the amount so stated, does not exceed the sum for which the party complaining was justly liable.

3. CALL IN DEED FOR A PARTITION LINE.—Such call will follow the partition line, even if such line was ascertained subsequent to the deed making such call, in absence of any other locative call.

APPEAL from Cooke. Tried below before the Hon. F. E. Piner.

The principal contention on this appeal is as to the locality of the west line of the survey owned by the parties to the suit. The testimony is voluminous and conflicting  The opinion sufficiently sets out the other matters discussed by the court.

No brief for appellant reached the Reporter.

*F. B. Sexton* and *Davis & Garnet,* for appellees, cited Stroud v. Springfield, 28 Texas, 649; George v. Thomas, 16 Texas, 92; Phillips v. Ayres, 45 Texas, 601; Booth v. Strippleman, 26 Texas, 441; Oliver v. Mahony, 61 Texas, 612.

ACKER, JUDGE. Appellant owned the Scott land certificate for two-thirds of a league and a labor, which was located upon the land in controversy. Some years before the location was made, appellant had engaged to transfer half of the land secured by the certificate to one Houston. The certificate was held by the appellant under a transfer in blank, and after its location he filled the blank by inserting the name of F. H. Dixon. Houston having died, Dixon, by direction of appellant conveyed to Houston's estate one thousand four hundred and seventy-six acres off of the west end of the survey, and on the same day conveyed to appellant one thousand five hundred and ninety-four acres, as the east half of the survey. Houston's administrator conveyed to appellee Blount one thousand four hundred and seventy-six acres, as the west half of the survey, and Blount conveyed to appellee Polk one-third of the west half of the survey. In March, 1879, Blount, Polk and Dean entered into an agreement reciting that "Blount and Polk are owners of the west half of the Thomas Scott survey, and Dean is the owner of the east half; and whereas, the said Dean is also owner of a one hundred and sixty acre survey joining Scott survey on the north; and whereas, near the center of said one hundred and sixty acre tract there is an improvement

which extends over on the Scott survey. Now, therefore, said Blount and Polk agree, that if said improvements are on their portion of the Scott survey, that they will transfer to Dean as much land as may be covered by said improvements, and take in lieu thereof so many acres off of the west of the one hundred and sixty acres survey."

On October 12, 1880, appellant conveyed to appellee Harris one thousand one hundred and twenty-four acres of land off of the west end of which he claimed to be his part of the survey for the consideration of two thousand two hundred and forty-eight dollars, describing the one thousand one hundred and twenty-four acres by metes and bounds.

On December 13, 1881, Blount and Polk conveyed to appellant fifty-seven acres of the Scott survey, describing it as "beginning at the northeast corner of the dividing line between the said Dean and ourselves," and calling to run the closing line along and with said division line.

Appellees, Blount and Polk, brought this action in trespass to try title against appellee Harris to recover the west half of the Thomas Scott survey and for partition.

Harris impleaded his vendor, Dean, who answered, setting out the boundaries of the Scott survey, and insisted in the court below, as he does here, that the one thousand one hundred and twenty-four acres sold by him to Harris is no part of the land owned by Blount and Polk; Dean also set up title in himself to the fifty-seven acres conveyed to him by Blount and Polk, and alleged that an agreed partition line between him and Blount and Polk had been established and recognized, and that Blount and Polk were bound thereby, and that, if the north and west boundaries of the survey were established where they were really made when the grant was originally surveyed, the one thousand one hundred and twenty-four acres sold to Harris would be east of such partition line.

The survey bounded, as claimed by appellant, contains considerable excess. The case was tried by the court without a jury, and judgment rendered May 1, 1885, establishing the west and north boundary lines as contended for by appellees, ignoring the partition claimed by appellant in favor of Blount and Polk, against Harris for five hundred and ninety-nine and seven-tenths acres of the one thousand one hundred and twenty-four acres conveyed to him by Dean; against Dean in favor of Harris for one thousand six hundred and twenty-eight dollars

and twenty cents on the covenant of warranty and against appellant for costs.

The first three assignments of error question the correctness of the court's conclusions in establishing the north and west boundaries of the survey, and in finding that there was no agreed partition between appellant and appellees Blount and Polk.

Without reviewing the testimony we deem it sufficient to say that these are purely questions of fact upon which there was much conflict, but, in our opinion, the conclusions of the court below are in accord with the very decided preponderance of the evidence. Under the fourth assignment it is contended that the court erred in rendering judgment in favor of Harris for the sum of one thousand six hundred and twenty-eight dollars and twenty cents, "with eight per cent interest thereon from the twelfth day of March, 1880, until the date of the rendition of the judgment, because the evidence showed that Harris did not purchase the land until the twelfth day of October, 1880."

Upon this question the judgment recites, "that the purchase money paid by defendant Harris to said Dean for said land with interest thereon at eight per cent per annum from the twelfth of March, 1880, the date of payment, now amounts to one thousand six hundred and twenty-eight dollars and twenty cents." It does appear from the evidence that the land was sold by Dean to Harris on the twelfth day of October instead of the twelfth day of March, 1880, but it is also clear that the purchase money for the five hundred and ninety-nine and seven-tenth acres with eight per cent interest per annum thereon from the actual date of the purchase to the date of the judgment would slightly exceed the amount for which judgment was rendered. We think the recitation in the judgment, that the purchase money with interest from an erroneous date, amounts to a stated sum, is immaterial when it clearly appears that the amount for which judgment is rendered does not exceed the amount for which the party complaining is legally liable.

The fifth assignment relates to the finding of the court as to the location of the fifty-seven acres conveyed by Blount and Polk to Dean, in which it is contended that the court erred. The location of the fifty-seven acres was dependent upon the location of the division or partition line, between the lands of Dean on the east and Blount and Polk on the west, and the location of this division line was necessarily dependent upon

the location of the west boundary line of the survey. We have already expressed the conclusion that the findings of the court as to the locations of these lines can not be disturbed, from which it follows that the court did not err in the matter here complained of; especially so, as it does not appear but that the fifty-seven acres decreed to appellant embrace the improvements which, it seems, was the prime inducement for his obtaining the conveyance therefor. We do not decide that the judgment would be erroneous in the particular here complained of, even though the land decreed to appellant did not embrace the improvements, for appellees Blount and Polk both testify that they had never heard of any partition line having been run by appellant at the time their deed to him was executed, and that the reference in the deed to such line they understood to mean a partition line that was to be run and located thereafter by mutual consent and agreement between themselves and Dean. The inference from the record is plain, that Dean was familiar with the land, and that Blount and Polk knew little, or nothing about it, except statements made by appellant.

We think the court did not err in rendering judgment in favor of Blount and Polk, and against Dean and Harris for costs of suit, nor in rendering judgment in favor of Harris and against Dean for costs.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Opinion adopted June 26, 1888.

STAYTON,
*Chief Justice.*